IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 3 0 2004

CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAROL ANGELA CHAVEZ,

    Defendant.

No. CIV-04-0902 MV/WDS
CR-03-611 MV

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, under Rule 4(b) Governing Section 2255 Proceedings, to consider Defendant's petition for habeas corpus pursuant to Title 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #13) filed August 9, 2004. Defendant was convicted after pleading guilty to an information. In her motion, she claims that her sentence was based, in part, on facts other than those charged in the information or admitted in her plea. Defendant asserts that, under the recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), her sentence is illegal. She asks that she be released from confinement, or for other appropriate relief. The motion will be dismissed.

Defendant's claim arises under *Blakely*, which applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Blakely*, 124 S. Ct. at 2536. The Court in *Apprendi* held that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court applied the *Apprendi* rule in reversing a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. 124 S. Ct. at 2538. The Tenth Circuit has ruled that *Apprendi* "is not a watershed decision and hence is not retroactively applicable to initial habeas

petitions." *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir. 2002); *see also United States v. McFadden,* No. 01-6373, 2002 WL 1435913, at **2 (10th Cir. July 3, 2002) (same for § 2255 motions). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced *Apprendi* rule, *see Blakely,* 124 S. Ct. at 2536, and is thus not available to Defendant on collateral review of her criminal conviction. *Leonard v. United States,* --- F.3d ---, ---, No. 04-6198, slip op. (10th Cir. Sept. 8, 2004); *see also In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004); *Simpson v. United States,* 376 F.3d 679, 680-81 (7th Cir. 2004). The Court will dismiss Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's petition for habeas corpus pursuant to Title 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #13) filed August 9, 2004, is hereby DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam,* No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

                                                            UNITED STATES DISTRICT JUDGE